UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARY M. BOILY, an individual; and VALMORE P. BOILY, her husband, per quod,<br><br>      Plaintiffs,<br><br>v.<br><br>WALT DISNEY WORLD COMPANY, a business entity; POP CENTURY RESORT, a business entity; ABC COMPANIES (I-X), fictitiously named business entities; JOHN DOES (I-X), fictitiously named individuals;<br><br>      Defendants. | Honorable Madeline Cox Arleo<br>Civil Action No. 08-4967 (SDW)<br><br>**REPORT AND RECOMMENDATION AND ORDER** |

      This matter comes before the Court upon the motion of defendant Walt Disney World Company ("Walt Disney World") to dismiss the complaint for lack of personal jurisdiction, pursuant to FED. R. CIV. P. 12(b)(2), or, in the alternative, to transfer the case to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1406(a); and upon the cross-motion of plaintiffs Mary Boily and her husband, Valmore Boily (sometimes collectively referred to as "plaintiffs") for sanctions, pursuant to FED. R. CIV. P. 11. District Judge Wigenton referred Walt Disney World's motion to me for Report and Recommendation.

      This Court held oral argument on March 20, 2009, and the Court issued a ruling from the bench on that same date, respectfully recommending that Walt Disney World's motion to dismiss for lack of personal jurisdiction, pursuant to FED. R. CIV. P. 12(b)(2), be denied; that Walt Disney World's motion to transfer this case, pursuant to 28 U.S.C. § 1406(a), be granted; and

that the parties' respective cross-motion for sanctions, pursuant to FED. R. CIV. P. 11, be denied. This written opinion supplements the Court's oral opinion and further sets forth the reasoning of the March 20, 2009 ruling on the record, pursuant to LOCAL CIVIL RULE 52.1, and addresses plaintiffs' informal motion for reconsideration filed on March 24, 2009.

### I.     BACKGROUND

By way of background, this negligence suit arises out of personal injuries that Mary Boily allegedly sustained on the Walt Disney World property of the defendant Pop Century Resort ("Resort") in Lake Buena Vista, Florida. Thereafter, on August 12, 2008, plaintiffs filed a Complaint in New Jersey Superior Court, Middlesex County, Law Division, alleging negligence and loss of consortium claims. On October 7, 2008, Walt Disney World removed the state action to this Court, pursuant to 28 U.S.C. § 1441, on the basis of diversity jurisdiction, under 28 U.S.C. § 1332. In its removal petition, Walt Disney World asserts that diversity of citizenship exists, under 28 U.S.C. § 1332, because plaintiffs and Walt Disney World are citizens of different states and the amount in controversy exceeds the $75,000 jurisdictional amount. (Notice of Removal, at ¶¶ 2-4). Walt Disney World further states that the defendant Resort is not a legal entity. Rather, it is a property owned, operated and maintained by Walt Disney World, and thus, has not been properly sued. (Id. at ¶ 2; Justice Cert. at ¶ 4).

At no time did plaintiffs challenge this Court's subject matter jurisdiction over the case. Additionally, plaintiffs never moved to remand the suit to state court. As a threshold matter, under 28 U.S.C. § 1332, this Court finds that it has subject matter jurisdiction based on diversity because it is undisputed that the parties are citizens from different states and the amount in controversy exceeds $75,000.

2

## II.     MOTION TO DISMISS AND CROSS-MOTION FOR SANCTIONS

On October 30, 2008, Walt Disney World filed the instant motion to dismiss the complaint based on lack of personal jurisdiction in the State of New Jersey. Walt Disney World argues that neither general nor specific jurisdiction exists. First, Walt Disney World is a Florida Corporation with its principal place of business in Florida; yet, Walt Disney World has no contacts with New Jersey sufficient to form a basis for general personal jurisdiction. Second, plaintiffs' complaint is devoid of any factual allegations to support a basis for specific personal jurisdiction. According to Walt Disney World, no such allegations exist because the negligence and loss of consortium claims do not arise out of any conduct of Walt Disney World in New Jersey. The alleged incident occurred at the defendant Resort in Florida. Alternatively, Walt Disney World seeks a transfer of this case to Florida where personal jurisdiction can be properly exercised over Walt Disney World.

In their opposition papers, plaintiffs contend that Walt Disney World has sufficient minimum contacts with New Jersey to subject it to both general and specific jurisdiction in this State. Specifically, plaintiffs claim that Walt Disney World recently purchased and now operates the Disney Store, a retail chain, with locations in New Jersey. According to plaintiffs, Walt Disney World conducts business in New Jersey, including advertising for its theme parks in Florida and California, through the Disney Stores in New Jersey; therefore, Walt Disney World has sufficient minimum contacts in New Jersey for purposes of general and specific jurisdiction. Plaintiffs further submit that the case law on which Walt Disney World relies is outdated and irrelevant. Plaintiffs also cross-moves for sanctions pursuant to Federal Rule of Civil Procedure 11. Plaintiffs claim that Walt Disney World's motion to dismiss is frivolous, thus warranting the

imposition of sanctions. However, during oral argument, plaintiffs conceded that there is no basis for this Court to exercise specific jurisdiction over Walt Disney World. Accordingly, plaintiffs noted that Walt Disney World has sufficient minimum contacts in New Jersey for purposes of general jurisdiction only.

In reply, Walt Disney World denies having purchased any Disney Store locations in New Jersey. Walt Disney World further denies operating such stores. Rather, Walt Disney World claims that Disney Store USA, LLC, a separate and distinct legal entity from Walt Disney World, purchased the retail Disney Stores in New Jersey. As such, Walt Disney World claims that the Court may not impute the activities of Disney Store USA, LLC to Walt Disney World to support a basis for exercising general jurisdiction. Finally, Walt Disney World asserts that there is a governing forum selection clause printed on the back of Disney "Key to the World" passes, which compels this suit to be litigated in Florida. During oral argument, Walt Disney World cross-moved for sanctions pursuant to Federal Rule of Civil Procedure 11, claiming that plaintiffs' opposing arguments lack merit, thereby justifying the imposition of sanctions.

The Court permitted plaintiffs to file supplemental briefing. Plaintiff argues that this Court may exercise personal jurisdiction over Walt Disney World because this defendant, along with Walt Disney Company, Disney Stores USA, LLC, and another entity, Disney Destinations, LLC all operate as one corporate structure.

### III.   ANALYSIS

#### A.   Legal Standard Establishing Personal Jurisdiction

A federal court typically must conduct a two-step analysis to ascertain whether personal jurisdiction exists. First, the court must look to the forum state's long-arm statute to determine if

personal jurisdiction is permitted over the defendant. Second, the court must determine whether the exercise of personal jurisdiction would be repugnant to the Due Process Clause of the Fourteenth Amendment. IMO Industries, Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998); Vetrotex Certaineed Corp. v. Consolidated Fiber Glass Products Co., 75 F.3d 147, 150 (3d Cir. 1996).

In this forum, the inquiry may be collapsed into a single step because New Jersey's long arm statute permits the exercise of personal jurisdiction "consistent with due process of law." N.J. CIV. R. 4:4-4. As such, this Court will allow out-of-state service "to the uttermost limits permitted by the United States Constitution." Mesalic v. Fiberfloat Corp., 897 F.2d 696, 698 (3d Cir. 2002) (quoting Charles Gendler & Co., Inc. v. Telecom Equipment Corp., 102 N.J. 460, 469 (1986)).

The Fourteenth Amendment permits a state to exercise jurisdiction over an out-of-state defendant only where "the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (quoting Hanson v. Denckla, 357 U.S. 235 (1958)). A court may exercise general jurisdiction over the defendant if the defendant has maintained "continuous and systematic" contacts with the forum state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984). To establish general jurisdiction the plaintiff "must show significantly more than mere minimum contacts" with the forum state. Provident Nat'l Bank v. California Federal Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987). Moreover, the facts required to establish general jurisdiction must be "extensive and persuasive." Reliance Steel Products Co. v. Watson, Ess, Marshall & Enggas, 675 F.2d 587, 589 (3d Cir.

1982). A particular defendant may be dismissed from a lawsuit if the court cannot assert personal jurisdiction over the defendant pursuant to this standard. See FED. R. CIV. P. 12(b)(2).

Here, as noted above, plaintiffs conceded during oral argument that this Court has only general jurisdiction over Walt Disney World. As such, this Court will analyze whether plaintiffs have met their burden of establishing personal jurisdiction over Walt Disney World based only on general jurisdiction.

### B. General Jurisdiction Over Walt Disney World

In support of its motion to dismiss, Walt Disney World relies on the certification of Scott Justice, Assistant Secretary of Walt Disney World, dated Oct. 29, 2008 ("Justice Cert."), stating, among other things, that Walt Disney World: (1) is a corporation doing business in Florida and California; (2) has a principal place of business in Florida; (3) has principal business activity consisting of the ownership, operation and management of theme entertainment parks, resorts and related facilities located in Florida and California; (4) is not qualified to do business in New Jersey; (5) has not conducted any business in New Jersey; (6) has neither incurred nor paid taxes in New Jersey; (7) has not appointed an agent for the services of process in New Jersey; (8) owns no real estate, bank accounts or other assets in New Jersey; (9) is not listed in any New Jersey telephone directories; and (10) does not advertise in New Jersey. (See Justice Cert. at ¶¶ 2-3).

Plaintiffs counter that Walt Disney World has purposefully availed itself of the privileges and/or benefits of New Jersey. Plaintiffs' assertion of personal jurisdiction, however, is based on two faulty premises. First, plaintiffs incorrectly contend that Walt Disney World purchased and operated retail Disney Stores in 2008, and thus conducts continuous and substantial business in New Jersey. In support of their contention, plaintiffs rely on two internet news articles. (See

Certification of Joseph Lombardi, Esq., dated Nov. 14, 2008 ("Lombardi Cert."), at Exhs. A & B). However, the articles indicate that "The Walt Disney Company," not Walt Disney World, purchased these stores. (Id.) Indeed, Walt Disney World's supporting certifications of its corporate officer, Scott Justice, and James Kapenstein, Vice-President of Disney Store USA, state that Walt Disney World did not purchase and does not operate these Disney Stores in New Jersey. (See Supplemental Certification of Scott Justice, dated Dec. 8, 2008 ("Suppl. Justice Cert."), at ¶ 5; Certification of James Kapenstein, dated Dec. 8, 2008 (" Kapenstein Cert."), at ¶ 3). Rather, Disney Store USA, a separate and distinct legal entity from Walt Disney World, recently acquired the Disney Store retail locations through a bankruptcy proceeding that closed on April 30, 2008. (See Suppl. Justice Cert., at ¶ 6; Kapenstein Cert., at ¶¶ 2-3). Additionally, Disney Store USA is not a licensee or franchisee of Walt Disney World. Equally important, Walt Disney World does not have any ownership interest in Disney Store USA. (See Suppl. Justice Cert., at ¶ 6; Kapenstein Cert., at ¶ 3).

  Plaintiffs raise a related, but similarly flawed argument. They contend that Walt Disney World advertises its theme parks and resorts in these Disney Store locations in New Jersey. Specifically, Disney Store customers may purchase Walt Disney World theme park tickets at the New Jersey retail store locations. Their argument, however, is not supported by the record. First, it is undisputed that plaintiffs never purchased such tickets in New Jersey. In addition, although Walt Disney World customers may purchase theme park tickets in New Jersey Disney Store locations, Walt Disney World does not market or sell these admission tickets at the Disney Store locations. Rather, another company, Disney Destinations purchases the tickets from Walt Disney World. Disney Destinations then resells the tickets to individuals, groups, tour companies, travel

agents, and other entities, including Disney Store USA. (See Suppl. Justice Cert., at ¶¶ 7-8).

Plaintiffs improperly contend that Disney Destinations, Walt Disney World, and Disney World Company operate under one corporate structure. Plaintiffs' counsel attaches to his sur-opposition brief, what appear to be 2008 annual reports of Walt Disney World and Disney Destinations. During oral argument, plaintiffs' counsel represented that these documents are annual reports of these entities filed with the Florida Secretary of State.[1] Plaintiffs suggest that these annual reports show that an individual, Lee Schmudde, serves as a managing member of both Walt Disney World and Disney Destinations, and that these companies share the same address and registered agent. However, the mere presence of common directors and/or officers in Walt Disney World and Disney Destinations has no bearing on a personal jurisdictional analysis. See Grill v. Walt Disney Co., 683 F. Supp. 66, 69 (S.D.N.Y. 1988) ("the sharing by the parent and subsidiary of common directors [is not] a sufficient basis for jurisdiction.").

Additionally, the record is devoid of any facts suggesting that there is an agency relationship between these companies. As noted above, Walt Disney World has no ownership interest in Disney Store USA. The record does not support any finding that there is a legal connection between Walt Disney World and Disney Store USA - the owner of the retail Disney Stores located in New Jersey.

Indeed, plaintiffs' contention is belied by the certifications submitted by Walt Disney World, which state the following: First, Disney Destinations is a separate and distinct legal entity from Walt Disney World. Second, Walt Disney World has no ownership interest in

---

[1] Plaintiffs' counsel improperly attached these documents to his brief without a supporting certification.

Disney Destinations, and the latter is not a licensee or franchisee of Walt Disney World. (See Suppl. Justice Cert., at ¶ 8). Third, there is no legal or contractual relationship between Walt Disney World and the retail Disney Stores; as such, Walt Disney World does not advertise Disney Stores or list the telephone numbers of these stores in any New Jersey telephone directory. (See Suppl. Justice Cert., at ¶ 4). Finally, Walt Disney Company and Walt Disney World are separate and distinct legal entities. (Supp. Justice Cert., at ¶ 3).

In short, Walt Disney World customers' option to buy Disney theme park tickets at New Jersey Disney Store locations does not amount to Walt Disney World advertising in New Jersey. Therefore, as there is no corporate relationship between Walt Disney World and Disney Destinations, there are no legal grounds upon which to impute Disney Store USA's contacts with the forum state to Walt Disney World. See, e.g., Vazsquez v. Walt Disney World Hospitality and Recreation Corp. No. 06-5943 at * 12 (D.N.J. Aug. 6, 2007) (unreported) (Judge Ackerman held that "'absent proof that the businesses are parts to the same whole,' the Court may not 'treat the entire 'Disney empire' and all who profit from [its existence] as one entity for the purposes of personal jurisdiction.'") (internal quotations omitted).

Even if this Court were to find that Walt Disney World advertises in this state through the retail Disney Store locations, this argument still falls far short of meeting plaintiffs' burden. Specifically, such advertisements alone are insufficient to establish general jurisdiction over Walt Disney World. As framed by the Third Circuit, the issue is whether the defendant does a "continuous and substantial part of [its] business in the forum state, such that it has availed itself of the 'benefits' or 'protections' of the law of the forum state." Gehling v. St. George's School of Medicine, Ltd., 773 F.2d 539, 541 (3d Cir. 1985). In Gehling, the Third Circuit held that the

placement of advertisements in the *New York Times* and the *Wall Street Journal* did not subject a non-resident medical school to personal jurisdiction in Pennsylvania, even though the newspapers were circulated throughout Pennsylvania. Id. at 155. See Giangola v. Walt Disney World Co., 753 F. Supp. 148, 155 (D.N.J. 1990).

In sum, even assuming the truth of the factual allegations contained in plaintiffs' complaint, the Court cannot conclude, based on the record before it, that Walt Disney World has any continuous or systematic contacts with New Jersey that would subject it to the general jurisdiction of this Court. Thus, plaintiffs have failed to meet their burden of establishing personal jurisdiction over Walt Disney World in this Court.

### C.    Transfer of Case Under 28 U.S.C. § 1406(a)

In its motion to dismiss, Walt Disney World alternatively seeks to transfer this case to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1406(a), arguing that venue is improper in New Jersey. Having found no personal jurisdiction exists over Walt Disney World in New Jersey, the Court next addresses whether the case may be properly transferred to the Middle District of Florida, pursuant to § 1406(a).

Under § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "The decision whether a transfer or dismissal is in the interest of justice, however, rests within the sound discretion of the district court." Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983). In short, § 1406(a) governs situations where plaintiffs have filed suit in an improper forum. Jumara v. State Farm Insurance Co., 55 F.3d 873, 878 (3d Cir. 1995). Here,

this Court is satisfied that this civil action was not properly filed in this forum because venue does not properly lay in this district.

As a threshold matter, this Court must first decide whether venue is proper in either or both this district and the Middle District of Florida. See Jumara, 55 F.3d at 878. The venue statute, 28 U.S.C. § 1391(a), states that in a civil action wherein jurisdiction is based solely on diversity of citizenship, venue is proper, except as otherwise provided by law, only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

"For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). See Jumara, 55 F.3d at 879. As a threshold issue, it is undisputed that this Court has subject matter jurisdiction based on diversity, pursuant to 28 U.S.C. § 1332. Thus, the proper venue for this case is defined by § 1391(a).

The Court next determines whether venue is proper in New Jersey. This Court concludes that it is not.

First, Walt Disney World resides in Florida and California. It does not reside in New

11

Jersey. Therefore, venue is improper in New Jersey under subsection (1).

With respect to venue under subsection (2), the inquiry turns on whether a "substantial part of the events or omissions giving rise to the claim occurred" in New Jersey. Whether a defendant has sufficient contacts with a particular district, establishing personal jurisdiction over the defendant, is not relevant to the Court's analysis of proper venue. Goldlawr, Inc. Heiman, 369 U.S. 463, 466 (1962). "In assessing whether events or omissions giving rise to the claims are substantial, it is necessary to look at the nature of the dispute." Cottman Transmission Systems, Inc. v. Martino, 36 F.3d 291, 295 (3d Cir. 1994). Here, Mary Boily sustained her alleged injuries on the premises of the Resort - a Florida property, owned, operated, and maintained by Walt Disney World. (See Justice Cert., at ¶ 4). Accordingly, this Court is satisfied (and the parties have conceded) that all, let alone a "substantial part," of the events giving rise to the claim occurred in Florida, not New Jersey. Therefore, venue is improper in New Jersey under subsection (2) of §1391(a).

Finally, this Court is satisfied that venue is not established in New Jersey under subsection (3) of § 1391(a). As Walt Disney World has conceded that it is subject to personal jurisdiction in Florida, this action may have been properly brought in Florida (or California) where Walt Disney World does reside. Therefore, subsection (3) does not support venue in New Jersey. See Potluri v. Yalamanchili, Civ. Action No. 05-cv-5494, at *7 (D.N.J. July 28, 2006) (Judge Lifland); Markey v. Fastuca, 2006 WL 469948 at *2 (D.N.J. Feb. 27, 2006).

In short, this Court finds that venue is not proper in this Court pursuant to 28 U.S.C. § 1391. On the other hand, this Court concludes that the case could have originally been brought in the Middle District of Florida. Indeed, as set forth above, personal jurisdiction exists over

Walt Disney World there, and thus, venue is proper there.

As noted above, under § 1406(a), the Court may transfer the instant case to another district in lieu of dismissal in the interest of justice, "however wrong the plaintiff may have been in filing his case as to venue, [and] whether the court in which it was filed had personal jurisdiction over the defendants or not." Goldlawr, 369 U.S. at 466. "Transfer is generally more in the interest of justice than dismissal." CAT Aircraft Leasing, Inc. v. Cessna Aircraft Co., 650 F. Supp. 57, 60 (D.V.I. 1986). Accordingly, in its discretion, this Court respectfully recommends that this action be transferred, pursuant to 28 U.S.C. § 1406(a), to the United States District Court for the Middle District of Florida.

### D.   Plaintiff's Cross-Motion for Sanctions

Plaintiffs contend that Walt Disney World should be sanctioned for pursuing a frivolous motion to dismiss because any reasonable inquiry would have revealed that Walt Disney World has continuous and systematic contacts with New Jersey. Essentially, plaintiffs contend that Walt Disney World's arguments are made in bad faith lacking any legal basis, and the factual assertions contained in the certification of Walt Disney World's corporate officer is inaccurate. Thus, plaintiffs contend that sanctions are warranted.

In support of its own cross-motion for sanctions, Walt Disney World counters that plaintiffs improperly argue that personal jurisdiction exists over Walt Disney World in New Jersey because their arguments are premised on false factual assertions. Thus, according to Walt Disney World, plaintiffs' arguments are baseless.

Under Federal Rule of Civil Procedure 11(c), "the court may impose an appropriate sanction on any attorney, law firm, or party that violated [the] [R]ule [11(b)] or is responsible for

13

the violation." Rule 11(b) states:

> By presenting to the court a pleading, written motion, or other paper-whether by signing, filing, submitting, or later advocating it- an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

FED. R. CIV. P. 11(b). District courts have broad discretion in determining the appropriate sanctions under Rule 11. Langer v. Monarch Life Ins. Co., 966 F.2d 786, 810 (3d Cir.1992).

This Court is satisfied that Walt Disney World's motion to dismiss, or in the alternative, did not violate Rule 11(b), and does not warrant the imposition of sanctions. While the Court respectfully recommends that Walt Disney World's motion to dismiss be denied, the Court does not find that the motion was without merit. Indeed, the Court concluded that plaintiffs failed to meet their burden of establishing any basis on which this Court can exercise personal jurisdiction over Walt Disney World, and thus, could have granted the motion to dismiss for lack of personal jurisdiction. Rather, in the interests of justice, this Court respectfully recommends that the case be transferred, pursuant to 28 U.S.C. § 1406(a), to the United States District Court for the Middle

District of Florida. Accordingly, this Court also respectfully recommends that plaintiffs' cross-motion for Rule 11 sanctions be denied.

Finally, based on the record, this Court cannot conclude that plaintiffs' legal argument were vexatious or made in bad faith. Accordingly, this Court respectfully recommends that Walt Disney World's cross-motion for Rule 11 sanctions be denied.

### E.   Plaintiff's Motion for Reconsideration

On March 24, 2009, plaintiffs filed a letter entitled, "Objection to Proposed Report and Recommendations." (Docket Entry No. 16). Yet, upon this Court's review of the submission, it is clear that plaintiffs are asking this Court to reconsider its oral ruling and allow the parties to submit supplemental briefing on the issue of whether the forum selection clause is sufficient to confer personal jurisdiction over Walt Disney World in this forum, pursuant to Local Civil Rule 7.1(i)[2].

Local Civil Rule 7.1(i) states in relevant part:

> A motion for reconsideration shall be served and filed within 10 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely **the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked** shall be filed with the Notice of Motion.

L. CIV. R. 7.1(i) (emphasis added). There are three bases for relief under a motion for reconsideration: "(1) an intervening change in controlling law has occurred; (2) evidence not

---

[2] Although the plain language of Rule 7.1(i) suggests that a motion for reconsideration should be made by formal notice of motion, the Court has discretion to entertain the motion by a less formal submission. See Fishetti v. Scarpone, 2008 U.S. Dist. LEXIS 40867 (D.N.J. May 21, 2008). See also ALLYN Z. LITE, NEW JERSEY FEDERAL PRACTICE RULES 69 (2009 ed.) (citing cases within this district).

previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." Carmichael v. Everson, 2004 U.S. Dist. LEXIS 11742 (D.N.J. May 21, 2004). See Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985). Relief by way of reconsideration is "an extraordinary remedy that is to be granted very sparingly." Carmichael, 2004 U.S. Dist. LEXIS at *3.

The term "overlooked" in the rule "is the operative term . . . and it has been interpreted consistently as referring only to facts and legal arguments properly presented to the court at the time the motion on which reconsideration is sought was initially decided." ALLYN Z. LITE, NEW JERSEY FEDERAL PRACTICE RULES 73 (2009 ed.) (citing Polizzi Meats, Inc. v. Aetna Life & Casualty Co., 931 F. Supp. 328, 339 (D.N.J. 1996)). "A matter overlooked may include a fact, an argument, caselaw, or entitlement to specific relief." LITE, *supra*. But, "[t]he only proper ground for granting a motion for reconsideration . . . is that the matters or decisions overlooked, if considered by the court, might reasonably have altered the result reached." Panna v. Firstrust Savings Bank, 760 F. Supp. 432, 435 (D.N.J. 1991) (internal quotations omitted).

A party's assertion that reconsideration is appropriate to prevent a manifest injustice cannot be based solely on the party's mere disagreement with the court's initial decision – in that situation, the movant should seek relief through the appeals process. See Florham Park Chevron, Inc. v. Chevron U.S.A., 680 F. Supp. 159, 162 (D.N.J. 1988); see also S.C. v. Deptford Twp. Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003). In other words, "a motion to reconsider does not generally afford a litigant 'a second bite of the apple.'" Garrett v. Firestone Tire & Rubber Co., 1989 WL 21778 (D.N.J. Mar. 7, 1989). A motion for reconsideration is improper when filed "to ask the Court to rethink what it had already thought through-rightly or wrongly." Ciba-

Geigy Corp. v. Alza Corp., 1993 WL 90412, *1 (D.N.J. Mar. 25, 1993).

Here, the essence of plaintiffs' motion is that they disagree with this Court's finding that Walt Disney World does not have any continuous or systematic contacts with New Jersey that would subject it to the general jurisdiction of this Court, and thus, plaintiffs have failed to meet their burden of establishing personal jurisdiction over the company in this forum. Plaintiffs argue that the Court improperly rejected their argument that the forum selection clause at issue demonstrates Walt Disney World's intent to conduct business in New Jersey sufficient to exercise general jurisdiction over the company in this State.

This Court has carefully reviewed the transcript of the March 20, 2009, oral argument. As such, this Court is convinced that plaintiffs' disagreement with the Court's oral ruling that personal jurisdiction does not exist over Walt Disney World in this forum does not raise issues which the Court "overlooked" as required by Local Civil Rule 7.1(i), governing motions for reconsideration. Accordingly, plaintiffs' motion for reconsideration is denied.

## IV. CONCLUSION

Having considered the parties' submissions, having good cause, and for the reasons set forth above and on the record on March 20, 2009, it is respectfully recommended that defendant Walt Disney World's motion to dismiss the complaint for lack of personal jurisdiction be denied; and it is further respectfully recommended that Walt Disney World's request, in the alternative, that this case be transferred, pursuant to 28 U.S.C. § 1406(a), to the United States District Court for the Middle District of Florida, where the case could have been originally brought, be granted; and it is further respectfully recommended that the parties' respective cross-motions for sanctions be denied. The parties have ten (10) days from the date hereof to file objections.

Additionally, for the foregoing reasons, plaintiffs' motion for reconsideration, pursuant to Local Civil Rule 7.1(i), is **DENIED**.

**SO ORDERED.**

_____
MADELINE COX ARLEO, U.S.M.J.

Date: April 1, 2009